FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 22 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-0145-BNB

RANDY KAILEY,

    Plaintiff,

v.

BILL RITTER, JR., et al.,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

---

Plaintiff, Randy Kailey, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the correctional facility in Sterling, Colorado. Mr. Kailey, acting *pro se*, has filed a Prisoner Complaint pursuant to 28 U.S.C. §§ 1343 and 42 U.S.C. §§ 1983, 1985, and 1986 alleging that his rights under the United States Constitution have been violated. The Court must construe the Complaint liberally because Mr. Kailey is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Kailey will be ordered to file an Amended Complaint.

The Court finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a

complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix pleadings violate the requirements of Rule 8.

Mr. Kailey fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Mr. Kailey has named ninety-two defendants and has presented his claims in a narrative, chronological format rather than asserting the claims in a short and concise statement. The Court, therefore, will direct Mr. Kailey to file an Amended Complaint that complies with the pleading requirements of Rule 8. Mr. Kailey is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims.

Mr. Kailey also must name the proper parties who are alleged to have violated

2

his constitutional rights and assert each defendant's personal participation in the alleged violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Kailey must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Kailey further is instructed that "to state a claim in federal court, a complaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Kailey also should note that he may use fictitious names such as John or Jane Doe if he does not know the real names of the individuals who allegedly violated his rights. If, however, Mr. Kailey uses fictitious names he must provide sufficient information about each defendant so that they can be identified for purposes of service. Accordingly, it is

ORDERED that Mr. Kailey file an Amended Complaint as instructed above,

**within thirty days from the date of this Order.** It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Kailey, together with a copy of this Order, two copies of the Court-approved form used in filing prisoner complaints. It is

FURTHER ORDERED that if Mr. Kailey fails to properly amend the Complaint, **within thirty days from the date of this Order**, the Complaint and action shall be subject to dismissal without further notice.

DATED March 22, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00145-BNB

Randy Kailey
Prisoner No. 50247
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on March 22, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk