IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00145-REB-BNB

RANDY KAILEY,

Plaintiff,

v.

MARK BUTTONS,
MARY KEEGAN,
REUBEN BASTIDOS,
WALTER FORWARD,
THOMAS BENTLEY, and
GREGORY BRADFORD,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the defendants' **Motion to Dismiss** [Doc. #34, filed 01/25/2012] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

### I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions

> the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II.  BACKGROUND

The plaintiff is currently incarcerated by the Colorado Department of Corrections ("DOC") at the Sterling Correctional Facility ("SCF").  He filed his Amended Complaint on July 18, 2011 [Doc. #14] (the "Complaint").  The Complaint asserts ten claims against 86 defendants.  On November 17, 2011, the court dismissed all claims and defendants [Doc. #22] except the portion of Claim Eight that alleges knee and ankle injuries against defendants Buttons, Keegan, Bastidos, Forward, Bentley, and Bradford.  The plaintiff makes the following allegations regarding these injuries:

1.  On December 6, 2008, the plaintiff was injured in the SCF kitchen when, at the direction of defendant Keegan, he attempted to "store" a top-loaded bakery rack "into a cooler," and it collapsed and dropped several hundred pounds of coffee cake across the plaintiff's reconstructed right knee.  *Complaint*, p. 46, ¶ 115a and p. 48, ¶¶ 126-134.[1]

2.  When leaving work on December 8, 2008, the plaintiff was directed by Bastidos, Bentley, and Bradford to use the facility sidewalks.  The plaintiff fell on an unmarked metal tunnel cover which was concealed by snow.  He severely injured his ankle.  Id. at ¶ 115b and pp. 49-52, ¶¶ 140-166.

3.  The defendants' actions violated the plaintiff's Eighth Amendment rights, id. at ¶ 113, and section 24-10-106(1)(c) of the Colorado Governmental Immunity Act ("CGIA").  Id. at pp. 46-47, ¶¶ 116-117; pp. 48-49, ¶¶ 136-139.

---

[1]The page numbers of the Complaint as designated by the plaintiff are not sequential.  Consequently, with respect to the Complaint, I cite to the pagination assigned by the court's docketing system.

### III.  ANALYSIS

### A.  Eleventh Amendment Immunity

The plaintiff's Eighth Amendment claim is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The defendants assert that the Eleventh Amendment bars the plaintiff's Eighth Amendment claim against them in their official capacities. *Motion*, p. 4. The defendants present a facial challenge to the Complaint. Therefore, I accept the allegations of the Complaint as true for purposes of this argument. Holt, 46 F.3d at 1003.

The Eleventh Amendment bars suits in federal courts against unconsenting states by the state's own citizens and by citizens of another state. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990). Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction." Fent v. Okla. Water Res. Bd., 235 F.3d 553, 559 (10th Cir. 2000) (emphasis omitted). Eleventh Amendment immunity applies to suits arising under 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332, 345 (1979).

The Eleventh Amendment precludes federal jurisdiction over state officials acting in their official capacities as to retroactive monetary relief, but not as to prospective injunctive relief. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 102-03, 105-06 (1984).

The defendants are employed by the DOC. *Complaint*, pp. 2-3. The DOC is an agency

or subdivision of the State of Colorado.  Consequently, the Eleventh Amendment bars suit against these defendants in their official capacities for retroactive monetary relief, and the Motion should be granted to the extent it seeks dismissal of the constitutional claims against the defendants in their official capacities for retroactive monetary relief based on Eleventh Amendment immunity.

## B.  Eighth Amendment Claims

The defendants assert that the plaintiff's Eighth Amendment claims are barred by the applicable statutes of limitation.  *Motion*, pp. 4-6.  Actions asserted under 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose.  Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir. 1994).  The appropriate statute of limitation for §1983 actions arising in Colorado is two years.  Id. at 1266; Colo. Rev. Stat. § 13-80-102.  Federal law rather than state law determines when a cause of action accrues.  See Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994).  "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action."  Id. at 969.  "A civil rights action accrues when facts that would support a cause of action are or should be apparent."  Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995).

The Complaint states that the plaintiff injured his knee on December 6, 2008, and his ankle on December 8, 2008.  *Complaint*, ¶ 115(a) and (b).[2]  Therefore, the plaintiff was required

---

[2] "While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute.  Statute of limitations questions may, therefore, be appropriately resolved on a Fed. R. Civ. P. 12(b) motion."  Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (internal citations omitted).

to assert his Eighth Amendment claim on or before December 6, 2010, and December 8, 2010, respectively. The plaintiff did not initiate this action until January 21, 2011.[3] Consequently, these claims are barred by the statute of limitations unless the limitation period is subject to tolling.

The issue of tolling is governed by Colorado state law. See Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995). Colorado's equitable tolling provisions are "limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996).

The plaintiff argues that "the original Complaint, in this case, was actually filed with the Court, in Civil Action No. 2010-cv-2171-BNB-LTB (D.Colo. August 24, 2010), well within the Two-year Statute of Limitations period." *Response*, p. 4. Civil Action No. 10-cv-02171-LTB was dismissed without prejudice on February 10, 2011, based on the plaintiff's failure to comply with the court's order to properly amend his complaint and for failure to prosecute. *Order of Dismissal*, Civil Action No. 10-cv-02171-LTB, Doc. #25. The plaintiff's prior case does not toll the statute of limitations. Chilcott Entertainment, L.L.C. v. John G. Kinnard Co., 10 P.3d 723, 726 (Colo. App. 2000) ("[A]bsent a specific statutory provision, Colorado law does not allow for

---

[3] I am aware that the prison mailbox rule applies to an inmate's filing of a civil rights complaint. Price v. Philpot, 420 F.3d 1158, 1164 (10th Cir. 2005). Under the mailbox rule, "an inmate who places a federal civil rights complaint in the prison's internal mail system will be treated as having 'filed' that complaint on the date it is given to prison authorities for mailing to the court." Id. at 1165. However, the inmate must establish actual use of the prison's internal mail system in order to be accorded the benefits of the mailbox rule. Id. The inmate bears the burden of proof on this issue. Id. The plaintiff does not provide any argument or evidence to establish that the mailbox rule applies to his case.

the tolling of a statute of limitation during the pendency of a prior action").

The Motion should be granted insofar as it seeks dismissal of the plaintiff's Eighth Amendment claims as barred by the statute of limitations.

### B. State Law Tort Claim

This court may decline to exercise supplemental jurisdiction over the plaintiff's state law tort claims when it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the plaintiff's constitutional claims are time-barred, I recommend that the court decline to exercise supplemental jurisdiction over the remaining state tort claims.[4]

### IV. CONCLUSION

I respectfully RECOMMEND:

1. The Motion [Doc. # 34] be GRANTED;

2. The plaintiff's Eighth Amendment claims be DISMISSED WITH PREJUDICE;

3. The plaintiff's state law tort claims be DISMISSED WITHOUT PREJUDICE; and

4. The court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith ; deny *in forma pauperis* status for the purpose of appeal; and caution the plaintiff that if he files a notice of appeal, he must pay the full $455 appellate filing

---

[4] I do not address the defendants' remaining arguments based on my determination that the court should not exercise supplemental jurisdiction over the plaintiff's state law tort claims.

fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.[5]

Dated June 19, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[5] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).