**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No. 11-cv-00145-REB-BNB

RANDY KAILEY,

      Plaintiff,

v.

RUEBEN BASTIDOS, individually, and in his official capacity as Swing Shift Security
Commander for the Colorado Territorial Correctional Facility,
THOMAS BENTLEY, individually, and in his official capacity as Swing Shift Security Staff
officer for the Colorado Territorial Correctional Facility,
GREGORY BRADFORD, individually, and in his official capacity as Swing Shift Security
Staff Officer for the Colorado Territorial Correctional Facility, John Doe 1 AND 2, in their
individual capacities and as Officers for the Sterling, Colorado and Colorado Territorial
Correctional Facilities,
MARK BUTTONS, individually, and in his official capacity as Day Shift Kitchen Line
Officer for the Colorado Territorial Correctional Facility,
MARY KEEGAN, individually, and in her official capacity as Day Shift Kitchen Line officer
for the Colorado Territorial Correctional Facility, and
WALTER FORWARD, individually, and in his official capacity as Day Shift Maintenance
officer for the Colorado Correctional Facility,

      Defendants.

---

## ORDER DENYING MOTION TO APPEAL ORDER ADOPTING
## RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

---

**Blackburn, J.**

      The matter before me is plaintiff's **Motion For Relief From Judgment** [#49][1] filed

August 6, 2012.[2]  Plaintiff seeks reconsideration of my order adopting the

recommendation of the magistrate judge to grant defendants' motion to dismiss plaintiff's

---

[1]  "[#49]" is an example of the convention I use to identify the docket number assigned to a specific
paper by the court's electronic case filing and management system (CM/ECF).  I use this convention
throughout this order.

[2]  I exercise my discretion pursuant to **D.C.COLO.LCivR** 7.1C. to rule on this motion without
benefit of a response.

claims with prejudice as barred by limitations.  (*See* **Order Adopting Recommendation of the United States Magistrate Judge** [#47] filed July 10, 2012.)  Although styled as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), because the motion was filed within 28 days after the entry of the **Final Judgment** ([#48] filed July 11, 2012), I construe it as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59. *See* FED. R. CIV. P. 59(e).  Thus construed, I deny the motion.

The bases for granting a motion under Rule 59(e) are limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).  Plaintiff here claims that he failed to receive a copy of the magistrate judge's recommendation that defendants' motion to dismiss be granted.

The docket dispositively belies this assertion.  The docket clearly reflects that the recommendation was mailed to plaintiff at his current address on the date it was entered. Pursuant to the well-established common law "mailbox rule," "[w]hen mail matter is properly addressed and deposited in the United States mails, with postage duly prepaid thereon, there is a rebuttable presumption of fact that it was received by the addressee in the ordinary course of mail. . . .  Proof of due mailing is prima facie evidence of receipt." *Sorrentino v. United States*, 171 F.Supp.2d 1150, 1152-53 (D. Colo. 2001) (citation and internal quotation marks omitted; alteration in original).  In addition, docket entries

enjoy a presumption of accuracy. ***Arnold v. Wood***, 238 F.3d 992, 995 (8th Cir.) ("In the absence of reliable evidence to the contrary, we presume the accuracy of the district court clerk's docket entries."), ***cert. denied***, 122 S.Ct. 400 (2001). These strong presumptions are not surmounted or rebutted by plaintiff's mere, unsworn denial of receipt. ***Cf. Witt v. Roadway Express***, 136 F.3d 1424, 1429-30 (10th Cir.), ***cert. denied***, 119 S.Ct. 188 (1998). Even if they were, they would merely create an issue of credibility for resolution by the finder of fact. ***Id.*** at 1430. Plaintiff fails to detail any efforts he may have made to determine whether the recommendation in fact was received in the prison mail system and lost thereafter or otherwise why it mail have failed to reach him. I therefore find his claim of non-receipt not credible.

Moreover, plaintiff has offered no argument suggesting that he has any meritorious objection sufficient to justify reexamining my adoption of the magistrate judge's recommendation that  plaintiff's claims be dismissed as barred by the Eleventh Amendment and applicable statutes of limitation. In the absence of any such argument or evidence, I deny the motion for relief from judgment.

**THEREFORE, IT IS ORDERED** it is ordered that plaintiff's **Motion For Relief From Judgment** [#49], filed August 6, 2012, is **DENIED**.

Dated August 9, 2012, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

3